David W. WILLIAMS, Movant

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2007–SC–000499–KB.

Supreme Court of Kentucky.

Nov. 1, 2007.

**OPINION AND ORDER**

Movant, David W. Williams, KBA Member No. 77103, petitions this Court, to enter an order permanently disbarring him from the practice of law in the Commonwealth of Kentucky. The Movant, whose last known address is 7022 Shelbyville Road, Suite A, P.O. Box 557, Simpsonville, Kentucky 40067, requests permanent disbarment for his numerous charged and uncharged violations of the Kentucky Rules of Professional Conduct as follows:

(a) one (1) count of violating SCR 3.130–1.2 (objectives of representation);

(b) thirteen (13) counts of violating SCR 3.130–1.3 (diligence);

(c) seven (7) counts of violating SCR 3.130–1.4(a) (communication);

(d) seven (7) counts of violating SCR 3.130–1.4(b) (communication);

(e) two (2) counts of violating SCR 3.130–1.5(a) (reasonable fees);

(f) one (1) count of violating SCR 3.130–1.15(a) (holding property of clients or third persons);

(g) two (2) counts of violating SCR 3.130–1.15(b) (failure to provide funds to a client);

(h) seventeen (17) counts of violating SCR 3.130–1.16(d) (termination of representation);

(i) one (1) count of violating SCR 3.130–3.2 (expediting litigation);

(j) one (1) count of violating SCR 3.130–3.3(a)(1) (making a false statement of material fact to a tribunal);

(k) thirteen (13) counts of violating SCR 3.130–3.4(c) (failing to abide by the rules of a tribunal);

(*l*) two (2) counts of violating SCR 3.130–4.4 (using means that have no substantial purpose other than to embarrass, delay, or burden a third person);

(m) seven (7) counts of violating SCR 3.130–5.5(a) (unauthorized practice of law);

(n) five (5) counts of violating SCR 3.130–8.1(a) (making a false statement to a disciplinary authority);

(o) one (1) count of violating SCR 3.130–8.1(b) (failure to comply with request from disciplinary authority);

(p) twenty-two (22) counts of violating SCR 3.130–8.3(b) (committing a criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer); and

(q) twenty-six (26) counts of violating SCR 3.130–8.3(c) (dishonesty, fraud, deceit or misrepresentation).

In addition to permanent disbarment, Movant also agrees to pay the costs of the investigation and disciplinary action.

### Bankruptcy cases

Movant represented Terry Minton in a bankruptcy matter. Movant filed a Chapter 7 bankruptcy petition for Mr. Minton, but he deliberately failed to abide by his client's decision to withdraw the reaffirmation agreement on a car note. This decision ultimately led to Mr. Minton's car loan not being discharged in bankruptcy. Movant also failed to tell Mr. Minton that he still owed money on the loan, that Movant had received a letter from the bank's attorney indicating that the debt was not satisfied, and that the bank was filing a lawsuit against Mr. Minton. Instead, he tried to negotiate a settlement without Mr. Minton's knowledge. When the bank filed a complaint and subsequent motion for default judgment against Mr. Minton, Movant failed to file an answer to either, and without Mr. Minton's knowledge, a default judgment was entered. Movant admits that these acts violated SCR 3.130– 1.2, 1.3, 1.4(a) and (b), 8.3(c) and 1.15(a).

Jerry Arington hired Movant to file a Chapter 13 bankruptcy petition as well as to provide other legal work. Movant did not file the bankruptcy petition. He falsely stated in his response to a Bar Complaint that he had done so. Movant admits that these acts violated SCR 3.130– 1.3, 8.3(c) and 8.1(a).

Movant agreed to file a Chapter 13 bankruptcy petition for Janie E. Shinkle. Upon Ms. Shinkle's decision to convert the petition to a Chapter 7 bankruptcy, she received a refund. Ms. Shinkle gave the extra money to Movant to place in escrow and to pay her 2001 property taxes and conversion fee. Despite numerous promises, Movant never paid Ms. Shinkle's taxes. When Ms. Shinkle filed a Bar Complaint against Movant, he made false statements to the Inquiry Commission, stating that he had paid the taxes with the money, when he had not. Movant admits that these acts violated SCR 3.130–1.3, 8.1(a) and 8.3(b) and (c).

Kim Chapman hired Movant to file a bankruptcy petition on her behalf. Movant delayed for ten (10) months in filing the petition. When he finally filed the petition, Movant made a false statement to the bankruptcy court, asserting that he had received a $750 fee, when he had only received $510. Movant admits that these acts violated SCR 3.130–1.3 and 3.3(a)(1).

Movant filed a Chapter 13 bankruptcy petition for Mary Mitchell, but while still representing her, he was suspended from the practice of law in Kentucky. Movant violated his Order of Suspension by failing to inform Ms. Mitchell, in writing, that he could no longer represent her. Movant

admits that these acts violated SCR 3.130–1.16(d) and 3.4(c).

Kim Franklin hired Movant to file a bankruptcy petition on her behalf. Before the petition was filed, Movant was suspended. Rather than informing Ms. Franklin that he could no longer represent her due to his suspension, Movant continued to advise her that he would file the petition. Movant also failed to return Ms. Franklin's file and unearned fee upon the termination of the attorney/client relationship. Movant admits that these acts violated SCR 3.130–1.16(d), 3.4(c), 5.5(a) and 8.3(b) and (c).

Movant was hired by Todd Ogden to represent him in a bankruptcy case. Shortly thereafter, Movant was suspended. Movant failed to notify Mr. Ogden that he had been suspended and could no longer represent him, failed to return the file and unearned fee (although he told the Inquiry Commission that he had), and failed to complete the representation due to his suspension. Movant admits that these acts violated SCR 3.130–1.16(d), 3.4(c), 8.1(a) and 8.3(b) and (c).

### Civil case

Movant represented Birdie A. Morris in the case of *Hallie T. Morris v. Birdie A. Morris* in Shelby Circuit Court. It was alleged in this case that Ms. Morris had stolen money from her mother's account in the amount of $119,000.00. In anticipation of settlement, Ms. Morris gave Movant $110,000. He deposited the money in his escrow account, misappropriated the money for his own use and later tendered a check to the circuit court clerk that was returned for non-sufficient funds. Movant admits that these acts violated SCR 3.130–8.3(c), 1.15(b) and 3.4(c).

### Transactional Cases

Mark Hayes, President of WISPNET Services, a wholesale internet service provider, sought Movant to assist him in a lease negotiation. Movant placed $12,800 of Mr. Hayes' money in escrow for negotiation purposes. Rather than providing this money to the appropriate parties, Movant misappropriated the money for his own use. Movant admits that these acts violated SCR 3.130–8.3(c) and 1.15(b).

Movant agreed to draft and file Articles of Incorporation for Matthew Rankin. Movant never prepared or filed the Articles of Incorporation after being paid an unreasonably high fee to do so. He never informed his client that he was suspended and could no longer represent him. Movant never returned the unearned fee or the client's file. Movant admits that these acts violated SCR 3.130–1.3, 1.5(a), 1.16(d), 3.4(c), 5.5(a) and 8.3(b) and (c).

### Estate case

Movant was hired by executrix, Katrinka Whitney, to probate the Estate of Barbara Jean Spencer Ageyman–Badu in the Shelby District Court. Movant failed to diligently represent the estate. He did not return phone calls, and despite his assurances to all parties involved, he failed to file the final settlement. In addition, Movant did not notify his client that he had been suspended and could no longer represent her. He also failed to return the unearned fee. Movant admits that these acts violated SCR 3.130–1.3, 3.2, 1.16(d), 3.4(c), 4.4 and 8.3(b) and (c).

### Family law cases

Monica Hutchinson hired Movant to represent her in a divorce. Before the case was completed, Movant was suspended from the practice of law. Rather than complying with his Order of Suspension and notifying his client of his inability to

represent her, Movant told Ms. Hutchinson that could represent her at a future time and would hold her case in abeyance. He also failed to return the unearned fee and her client file. Movant admits that these acts violated SCR 3.130–1.16(d) and 8.3(c).

Lisa Mattingly hired Movant to file a petition for custody of her minor child. After the petition was filed, Movant refused to return Ms. Mattingly's telephone calls to update her on the status of the case. Movant failed to inform Ms. Mattingly that he had been suspended from the practice of law. Additionally, Movant refused to return any unearned fee. Movant admits that these acts violated SCR 3.130–1.16(d), 1.4(a) and (b), 3.4(c) and 8.3(b) and (c).

Jacobo Polo hired Movant to defend him in a child abuse case brought by child protective services in Jefferson County. Three days after Movant was hired, he was suspended from the practice of law in Kentucky. Movant failed to notify Mr. Polo that he could no longer represent him and failed to return Mr. Polo's client file and unearned fee. Movant also made a false statement of material fact in his response to a Bar Complaint filed by Mr. Polo. Movant admits that these acts violated SCR 3.130–1.16(d), 3.4(c), 8.1(a) and 8.3(b) and (c).

Movant represented Bruce Allen Gambrell, Sr. in a divorce proceeding. Movant accepted the agreed property settlement amount, $32,747.59, from Mr. Gambrell to pay his ex-spouse, Janet Lee Gambrell. Instead, Movant converted this money for his own use. He also violated a court order requiring him to produce a certified or cashier's check to the court by March 16, 2005. Movant admits that these acts violated SCR 3.130–8.3(b) and (c) and 3.4(c).

### Uncharged cases

In addition, eleven (11) bar complaints and three (3) clients' security fund applications were filed against Movant. In his verified motion, Movant acknowledges that the Inquiry Commission has grounds to move forward and issue Charges against him for these offenses. However, Movant chooses to resign under the terms of the permanent disbarment before a Charge can be authorized.

Movant seeks to terminate all of these proceedings by resigning under terms of permanent disbarment. He has acknowledged that he can never be reinstated to the practice law from permanent disbarment and that the provisions of SCR 3.480(3)(a) and SCR 3.510 do not apply. Movant has agreed that upon entry of an order of this Court sustaining his motion, he will never again engage in the practice of law in the Commonwealth of Kentucky. The Bar Association has no objections to Movant's "Motion to Resign under Terms of Permanent Disbarment."

ACCORDINGLY, IT IS HEREBY ORDERED:

1. Movant, David W. Williams is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky. This disbarment shall commence on the date of entry of this order.

2. Further, Movant is ordered to pay the costs of this proceeding certified by the Kentucky Bar Association in the amount of $1,371.46, for which execution may issue upon finality of this order.

3. Pursuant to SCR 3.390, Movant shall, where he has not already done so, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, notify all

courts in which he has matters pending of his disbarment from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

4. Movant is also ordered to immediately cancel and cease any and all advertising activities.

All sitting. All concur.

ENTERED: November 1, 2007.

/s/ Joseph E. Lambert
　　Chief Justice